J-S32045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: A.M.P., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: S.J.P., MOTHER | No. 3113 EDA 2015 |

Appeal from the Decree and Order September 17, 2015
in the Court of Common Pleas of Philadelphia County
Family Court at Nos.: CP-51-AP-0000584-2015
CP-51-DP-0001751-2014
FID: 51-FN-002762-2011

BEFORE: BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 26, 2016**

S.J.P. (Mother) appeals the decree and the order, entered in the Court of Common Pleas of Philadelphia County on September 17, 2015, that, respectively, terminated her parental rights to her son, A.M.P. (Child), born in April of 2014, and changed his goal to adoption.[1]  We affirm.

Philadelphia's Department of Human Services (DHS) has had contact with this family since 2011 because of reports of Mother's drug and alcohol

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court also terminated the parental rights to Child of C.P.Q. (Father).  Father did not appeal that termination.

use and her lack of appropriate care and supervision of her children. (**See** Statement of Facts (SoF), at para. a).[2]

In late April of 2014, DHS learned that Mother had given birth to Child at Albert Einstein Medical Center. At the time, there was an outstanding bench warrant for Mother who was transient and believed to be concealing the whereabouts of another child with an open dependency proceeding. (**See** SoF, at para. b, c, and d).

On July 21, 2014, Child's paternal aunt (Paternal Aunt) told DHS that Mother had been found unresponsive at the Roosevelt Inn, allegedly from the abuse of drugs and alcohol, and that Child was with her. Police responded, had Mother transported by ambulance to Nazareth Hospital, and entrusted Child to the care of Paternal Aunt. (**See** SoF, at para. e and f).

DHS evaluated Paternal Aunt's home, found it appropriate and obtained an order of protective custody for Child who remained with Paternal Aunt in kinship care.

_____

[2] At the September 17, 2015, hearing on the termination of Mother's parental rights, DHS entered Mother's stipulation that, if she were called to testify, DHS social worker, Catherine Paczkowski, would testify in accordance with the statement of facts contained in DHS' goal change/termination petitions with the exception of paragraphs e, f, and g. (**See** N.T. Hearing, 9/17/15, at 13, 23). The facts set forth in those paragraphs were contained in Child's dependency petition and are part of the record of Child's adjudication hearing on July 28, 2014, at which Mother and her counsel were present.

The trial court adjudicated Child dependent and committed him to the care of DHS on July 28, 2014. The trial court referred Mother to the Clinical Evaluation Unit (CEU) for a dual diagnosis assessment and forthwith drug screen. Mother has a mental health diagnosis of bipolar disorder and post-traumatic stress disorder for which she receives Social Security Income benefits. (*See* N.T. Hearing, 9/17/15, at 19; SoF, at para. o).

At a family service plan (FSP) meeting on August 21, 2014, DHS established goals for Mother, including: 1) receive mental health and drug and alcohol treatment and comply with all treatment recommendations; and, 2) obtain suitable housing and maintain visitation with Child. (*See* N.T. Hearing, 9/17/15, at 15).

Throughout Child's placement, the trial court referred Mother to the CEU for drug screening, assessment and monitoring. Mother participated in mental health counseling at Community Council through the Achieving Reunification Center (ARC) program, but did not stay in counseling. (*See id.* at 20).

At Child's January 20, 2015, review hearing, the trial court referred Mother to Behavioral Health Services (BHS) for monitoring and anger management counseling and ordered her to sign releases for DHS to obtain her ARC and BHS records and reports.

Mother's compliance with mental health counseling and the ARC program was short-lived. (*See id.*). Further, she failed to submit to a drug

and alcohol assessment and had tested positive for benzodiazepine on April 22, 2015 and June 15, 2015. (**See** SoF, at para. z).

At Child's June 25, 2015, permanency review, the trial court found Mother not in compliance with any of her FSP objectives or Child's permanency plan. She was non-compliant with mental health services; non-compliant with drug and alcohol counseling; had been discharged from the ARC due to lack of participation in the program; and was not visiting Child on a regular basis.

DHS filed its petition to change Child's goal to adoption and its petition to terminate Mother's parental rights on August 21, 2015. The trial court held a hearing on those petitions on September 17, 2015. At the hearing, DHS presented the testimony of its social worker, Catherine Paczkowski, and entered Mother's stipulation to the SoF. Mother, despite adequate notice, failed to appear for the hearing. Ms. Paczkowski testified that she had spoken to Mother on September 16, 2015, and that Mother was aware of the hearing. (**See** N.T. Hearing, 9/17/15, at 6-8; 14-15).

The trial court entered its order changing Child's goal to adoption and its decree terminating Mother's parental rights, pursuant to 23 Pa.C.S.A. §§ 2511(a)(1), (2), (5), (8) and (b), on September 17, 2015. Mother filed her notice of appeal and concise statement of errors complained of on appeal on October 13, 2015.

Mother raises the following question on appeal:

Did the [trial court] err as a matter of law and abuse its discretion when it terminated Mother's parental rights and changed [Child's] goal to adoption where [DHS] failed to present clear and convincing evidence that Mother had not relieved the circumstance [sic] which brought [Child] into care; failed to present clear and convincing evidence that Mother evidenced a settled purpose of relinquishing parental claim to [Child]; and failed to present clear and convincing evidence that [Child] would not be harmed by termination of [Mother's] parental rights?

(Mother's Brief, at 3).

Our standard of review is as follows:

In an appeal from an order terminating parental rights, our scope of review is comprehensive: we consider all the evidence presented as well as the trial court's factual findings and legal conclusions. However, our standard of review is narrow: we will reverse the trial court's order only if we conclude that the trial court abused its discretion, made an error of law, or lacked competent evidence to support its findings. The trial judge's decision is entitled to the same deference as a jury verdict.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citations omitted).

Further, we have stated:

Where the hearing court's findings are supported by competent evidence of record, we must affirm the hearing court even though the record could support an opposite result.

We are bound by the findings of the trial court which have adequate support in the record so long as the findings do not evidence capricious disregard for competent and credible evidence. The trial court is free to believe all, part, or none of the evidence presented, and is likewise free to make all credibility determinations and resolve conflicts in the evidence. Though we are not bound by the trial court's inferences and deductions, we may reject its conclusions only if they involve errors of law or are clearly unreasonable in light of the trial court's sustainable findings.

*In re M.G.*, 855 A.2d 68, 73-74 (Pa. Super. 2004) (citations omitted).

The trial court terminated Mother's parental rights pursuant to 23 Pa.C.S.A. §§ 2511(a)(1), (2), (5), (8), and (b). In order to affirm the termination of parental rights, this Court need only agree with any one subsection of Section 2511(a). *See In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*), *appeal denied*, 863 A.2d 1141 (Pa. 2004).

Requests to have a natural parent's rights terminated are governed by 23 Pa.C.S.A. § 2511, which provides, in pertinent part:

**§ 2511. Grounds for involuntary termination**

**(a) General rule.—**The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

\* \* \*

(2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

\* \* \*

**(b) Other considerations.—**The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511(a)(2), (b).

It is well settled that a party seeking termination of a parent's rights bears the burden of proving the grounds to so do by "clear and convincing evidence," a standard which requires evidence that is "so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." *In re T.F.*, 847 A.2d 738, 742 (Pa. Super. 2004) (citations omitted). Further,

> A parent must utilize all available resources to preserve the parental relationship, and must exercise reasonable firmness in resisting obstacles placed in the path of maintaining the parent-child relationship. Parental rights are not preserved by waiting for a more suitable or convenient time to perform one's parental responsibilities while others provide the child with his or her physical and emotional needs.

*In the Interest of K.Z.S.*, 946 A.2d 753, 759 (Pa. Super. 2008) (citation omitted).

The Adoption Act provides that a trial court "shall give primary consideration to the developmental, physical and emotional needs and welfare of the child." 23 Pa.C.S.A. § 2511(b). The Act does not make specific reference to an evaluation of the bond between parent and child but our case law requires the evaluation of any such bond. *See In re E.M.*, 620 A.2d 481, 485 (Pa. 1993). However, this Court has held that the trial court is not required by statute or precedent to order a formal bonding evaluation performed by an expert. *See In re K.K.R.-S*., 958 A.2d 529, 533 (Pa. Super. 2008).

Here, our review of Mother's brief reveals that she has waived her claim that the trial court erred or abused its discretion when it terminated her parental rights pursuant to section 2511(a)(2). In support of her claim that the trial court erred when it terminated her rights pursuant to section 2511(a)(2), Mother states:

> Mother was visiting with [Child.] She also attended domestic violence classes and housing workshop orientation. Furthermore, [M]other had enrolled in both drug and alcohol and mental health treatment programs. Mother took these steps in an attempt to parent and to eventually reunite with [Child]. Therefore, termination of Mother's parental rights under §[]2511(a)(2) would be against the weight of the evidence.

(Mother's Brief, at 12) (record citations omitted). That is Mother's complete argument.

Mother's argument contains no citation to any legal authority and she makes no effort whatsoever to link the facts of her case to the law. In sum, Mother makes no attempt to develop a coherent legal argument to support her conclusion that the trial court erred in terminating her parental rights, and she has, therefore, waived that argument. "The failure to develop an adequate argument in an appellate brief may [] result in waiver of the claim under Pa.R.A.P. 2119." ***Commonwealth v. Beshore***, 916 A.2d 1128, 1140 (Pa. Super. 2007), *appeal denied*, 982 A.2d 509 (Pa. 2007) (case citation and internal quotation mark omitted). "[A]rguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in

support of a contention." ***Lackner v. Glosser***, 892 A.2d 21, 29-30 (Pa. Super. 2006) (citations omitted).

Moreover, our examination of the record reveals that it supports the trial court's determination to terminate Mother's parental rights pursuant to section 2511(a)(2).

Mother's FSP goals were to undergo drug and alcohol and mental health treatment, obtain suitable housing, and visit successfully with Child. Ms. Paczkowski testified that Mother failed to complete successfully a drug and alcohol program, and that she had not completed any mental health treatment. (***See*** N.T. Hearing, 9/17/15, at 15-16). Ms. Paczkowski also testified that Mother failed to secure adequate housing. (***See id.*** at 16). In regard to visitation, Ms. Paczkowski testified that Mother had made attempts to visit, and that, while her behavior at some visits was, "appropriate," at one visit she fell asleep and at another "was acting somewhat irrational." (***Id.*** at 19). DHS presented sufficient, credible evidence to support the trial court's determination to terminate Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(2).

Mother makes a similar argument in support of her claim that the trial court erred in terminating her rights pursuant to section (b):

> Mother and [Child] share a beneficial bond that should not be destroyed though termination of Mother's parental rights as evidence[d] by DHS Social Worker Ms. Paczkowski's testimony that Mother and [Child] had a good relationship. As such, [DHS] has failed to establish that [Child] would not suffer irreparable harm if Mother's parental rights were terminated.

(Mother's Brief, at 15) (record citation omitted).  Mother has also waived this issue for her failure to develop it.  *See Lackner*, *supra* at 29-30.

Moreover, our review of the record in this matter reveals that it supports the trial court's determination to terminate Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(b).  At the hearing, the following exchange took place between Ms. Paczkowski and counsel for DHS:

> **Q.**  Ms. Paczkowski, again, if you were asked—well, let me just ask you: Who does [Child], in your opinion, share his primary parental bond with?  Who does he look to primarily as his parent, his caregiver, his provider; [M]other or [Paternal Aunt and Uncle]?
>
> **A.**  Paternal [A]unt and [U]ncle.
>
> **Q.**  Thank you very much.  Do you believe [Child] will suffer permanent emotional harm if [M]other's rights are terminated and [Child] isn't allowed to see [Mother] anymore?
>
> **A.**  No, I do not.

(N.T. Hearing, 9/17/25, at 17-18).

The trial court did not err or abuse its discretion when it terminated Mother's parental rights pursuant to section 2511(b).

Finally, we find that Mother has waived her argument that the trial court erred by changing Child's goal to adoption in that she fails to mention, no less argue the issue in her brief.  *See Lackner*, *supra* at  29-30.

With the above standard of review in mind, we have thoroughly reviewed the record, briefs, and the applicable law, and determined that the evidence presented is sufficient to support the trial court's order changing

Child's goal to adoption and its decree terminating Mother's parental rights to Child.

Accordingly, we affirm the trial court's decree and order, each entered September 17, 2015, terminating Mother's parental rights and changing Child's goal to adoption.

Decree and order affirmed.

Judge Mundy joins the Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2016